UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED OF OMAHA LIFE<br>INSURANCE COMPANY<br><br>**Plaintiff-in-Interpleader**<br><br>vs.<br><br>SARA JO WOMACK-RODRIGUEZ,<br>TRENTON SETH WOMACK, JAMES<br>G. MURRY, JR., AND AMERICAN<br>FUNERAL FINANCIAL, LLC<br><br>**Interpleader-Defendants** | §§§§§§§§§§§§§§<br><br>Civil Action No. 5-19-CV-00814-JKP-RBF |

### PLAINTIFF-IN-INTERPLEADER'S MOTION TO DISMISS DEFENDANT JAMES G. MURRY JR.'S COUNTERCLAIMS

Plaintiff-in-Interpleader United of Omaha Life Insurance Company ("United of Omaha") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Interpleader-Defendant James G. Murry, Jr.'s ("Murry") Counterclaims. In support of its motion, United of Omaha shows as follows.

### I.

### Introduction

United of Omaha brought this action as a neutral stakeholder to interplead life insurance proceeds to which Interpleader-Defendants have competing claims. All Interpleader-Defendants, except James G. Murry, agree to United of Omaha's discharge. Mr. Murry, in contrast, has brought Counterclaims against United of Omaha under theories of negligence and breach of contract in an effort to keep United of Omaha in the suit and hold it liable above and beyond the amount of the life insurance proceeds it seeks to deposit into the Registry of the Court because the decedent's attempted change of beneficiary to him was never effected. But Murry's Counterclaims fail to state a claim because changes in beneficiary are not binding on United of Omaha until it receives

1

and records such changes at its home office – prerequisites that never occurred here.  Hence, this Court should dismiss Murry's Counterclaims for failure to state a claim.

## II.

### Standard for 12(b)(6) Dismissal

A motion under Rule 12(b)(6) to dismiss for failure to state a claim tests the sufficiency of the claim for relief set forth in the Complaint.  *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied,* 536 U.S. 960 (2002).  In ruling on a 12(b)(6) motion, a court must determine whether plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  "[W]here facts alleged in plaintiff's pleadings make it clear that the claim is barred, dismissal under Rule 12(b)(6) may be granted."  *In re Dynegy, Inc. Secs. Litig.,* 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004); *see also Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003).  Generally, the court may not look beyond the Complaint in ruling on such a motion.  *See Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).  However, a court may consider "documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).

Here, United of Omaha attached the Policies to its Complaint.  (Exs. A-1 & A-7 to D.E. 1).  United of Omaha also attached certain Change of Beneficiary forms to its Complaint.  (Exs. A-3 & A-9 to D.E. 1).  Additionally, United of Omaha attached certain email correspondence regarding the attempted change of beneficiary to Murry.  (Ex. 4 to D.E.).  Murry references in his Counterclaims the Complaint, the Policies, Change of Beneficiary forms, and the alleged submission of such forms (D.E. 33), and those documents are central to his Counterclaims.  The

facts alleged in Murry's pleadings, together with the referenced documents (all of which are incorporated here), make it clear that the Counterclaims are barred, and dismissal under Rule 12(b)(6) is warranted.

### III.

### Background

As explained in detail in its Complaint, incorporated by reference here along with all its exhibits (D.E. 1, Ex. A, & Exs. A-1 – A-9) and referenced in Murry's Counterclaims (D.E. 33), United of Omaha issued two life insurance policies to decedent, Michael K. Womack: Policy No. UA9443754 and Policy No. UA9451672 (the "Policies"). Each Policy clearly warned: "You may change the beneficiary by written request during the insured's lifetime. Unless you specify otherwise in the written request, the change will be effective on the date you sign the written request. However, **it will not be binding on us until we record it at our home office**.[1] Any rights created by a change of beneficiary will be subject to any payments we make or actions we take between the date you sign the written request and the date we record it at our home office. If the beneficiary designation in effect is irrevocable, the beneficiary must also sign the written request." (Exhibits A-1 & A-7 to D.E. 1, internal p. 10)(emphasis added). The Change of Beneficiary forms the decedent signed, but United of Omaha never received, included the same warning: "**No changes are binding until received and recorded by the company at the home office. We will record the change(s) and send a confirmation**." (*See* exemplar forms at D.E. 1, A-3 & A-9) (emphasis added).

---

[1] "Home office means, at the time of the delivery of this policy, our offices located at the address shown on the face of this policy. If our home office moves, home office will mean the offices located at the new address." (Exhibits A-1 & A-7 to D.E., internal policy pp. 1 - 2).

## IV.

### Argument

The above-referenced language in the Policies and Change of Beneficiary forms is included precisely to avoid situations like these where someone, even an insurance agent, alleges a form was completed and submitted, but no change of beneficiary was recorded at the home office. The onus is placed squarely on the person or entity submitting the form to ensure the change is effected. That did not happen here.

United of Omaha never received or recorded (or acknowledged) the changes, and, therefore, the changes cannot bind United of Omaha. Murry admits as much in his Counterclaims. Specifically, Murry states that "[the agent] either failed to submit the Change of Beneficiary form[s] to United of Omaha United of Omaha and/or United of Omaha failed to properly process the Change of Beneficiary form[s]." (D.E. 33, p. 8). Receipt and processing is precisely what is required for the change to take effect. The Change of Beneficiary forms also state that United of Omaha will "send a confirmation." (*See* exemplar forms at D.E. 1, A-3 & A-9). Murry additionally admits in his Counterclaims that United of Omaha never "acknowledged the completed Change of Beneficiary form[s] naming Murry. . . ." (D.E. 33, p. 8).

Accordingly, the Counterclaims against United of Omaha for breach of contract and negligence fail to state a claim. Whether Mr. Murry may nonetheless, under a substantial compliance theory or some other theory, be entitled to part or all of the life insurance proceeds, which United of Omaha seeks to place in the Registry of the Court, is a matter to be litigated by the remaining parties once United of Omaha has been discharged.

## V.

## Request for Relief

United of Omaha respectfully requests that this Court dismiss James G. Murry's Counterclaims with prejudice. United of Omaha also requests that it be discharged pursuant to its pending motion. Further, United of Omaha further requests any other relief to which it may be entitled.

Respectfully submitted,

*/s/ Marjorie C. Nicol*
Marjorie C. Nicol
State Bar No. 00784684
909 Fannin, Suite 3300
Houston, Texas 77010
marjorie.cohen@wilsonelser.com
Telephone: (713) 353-2000
Telecopy:  (713) 785-7780
marjorie.nicol@wilsonelser.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF-IN-INTERPLEADER UNITED OF OMAHA LIFE INSURANCE COMPANY**

2823694v.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on counsel of record through e-file on the __27__<sup>th</sup> of November, 2019 as follows:

>J. Paul Manning
>FIELD, MANNING, STONE, HAWTHORNE & AYCOCK, P.C.
>2112 Indiana Avenue
>Lubbock, TX 79410
>**COUNSEL FOR INTERPLEADER DEFENDANT TRENTON SETH WOMACK**
>
>
>David Kerby
>KERBY & WADE, P.C.
>P.O. Box 65150
>Lubbock, TX 79464
>**COUNSEL FOR INTERPLEADER DEFENDANT SARA JO WOMACK-RODRIGUEZ**
>
>James M. McNeel
>Chamberlain, Hrdlicka, White, Williams & Aughtry
>112 East Pecan, Suite 1450
>San Antonio, Texas 78205
>**COUNSEL FOR INTERPLEADER DEFENDANT JAMES G. MURRY**
>
>
>Stephen H. Nickey
>THE LAW OFFICES OF STEPHEN H. NICKEY, P.C.
>1201 N. Mesa
>2nd Floor, Suite V
>El Paso, TX 79902
>**COUNSEL FOR INTERPLEADER DEFENDANT AMERICAN FUNERAL FINANCIAL, LLC**

>_/s/ Marjorie C. Nicol_