UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED OF OMAHA LIFE**
**INSURANCE COMPANY,**

   *Plaintiff*,

v.     Case No. SA-19-CV-0814-JKP

**SARA JO WOMACK-RODRIGUEZ, et al.,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Plaintiff, United of Omaha Life Insurance Company ("United") commenced this interpleader action alleging that, following the death of its insured, Michael Kelly Womack, on May 13, 2019, it held death benefits based upon two life insurance policies (Policy UA9443754 ($1,600,000) and Policy UA9451672 ($400,000)). It identified four potential claimants for the single death benefit fund: (1) the decedent's daughter, Sara Jo Womack-Rodriguez ("Rodriguez"); (2) his son, Trenton Seth Womack ("Womack"); (3) his business associate, James G. Murry, Jr. ("Murry"); and (4) American Funeral Financial, LLC, which had provided funeral services. Murry has countersued United and its insurance agent, Saul Trevino, for acts and omissions related to attempts to change the beneficiary on both policies. Claimants have settled the dispute between them, but Murry's counterclaims and an issue of attorney fees on the interpleader action remain at issue.

Before the Court is an *Opposed Motion for Partial Disbursement of Interpled Funds* (ECF No. 78) filed by Claimants. They attach their Settlement Agreement and Release as Exhibit A. The motion spawned a joint response in opposition (ECF No. 79) by the Counter-Defendants and included within that filing is a *Partially Opposed Joint Motion for Abatement and Mediation*. Murry thereafter filed a reply brief (ECF No. 80) to support his motion and a response (ECF No. 81) to

the motion for abatement and mediation. The Counter-Defendants thereafter filed a reply brief (ECF No. 82) to Murry's response. Both motions are ripe for ruling.

Through their Settlement Agreement, Claimants Murry and Womack have agreed to split the proceeds from the lesser policy, i.e., $200,000 each; Murry and Rodriguez have agreed to split the proceeds from the larger policy, i.e., $800,000 each; the three individual claimants will split all interest payable (50% for Murry, 40% for Rodriguez, and 10% for Womack); and each of the individuals agree to pay American Funeral a certain amount. Through their motion, Claimants seek an order to disburse approximately $1,900,000 of the funds deposited into the Court's registry according to their Settlement Agreement as follows: (a) $905,000 to Murry; (b) $785,000 to Rodriguez; (c) $195,000 to Womack; and (d) $15,539.95 to American Funeral.

Such disbursement will leave a reserve fund exceeding $100,000 for attorney fees related to the interpleader action. The Settlement Agreement also contains two paragraphs concerning attorney fees:

> l. Should United of Omaha be awarded attorney's fees which are applicable to the proceeds of said policies, the parties agree to split the attorney's fees awarded by Court order to United of Omaha which were incurred to the date of this agreement pro rata in the following percentages: Sara Jo Womack-Rodriguez 40%, James G. Murry, Jr. 50% and Trenton Womack 10%. If awarded to United of Omaha, the attorney's fees would be paid from each of the parties according to the percentages in the preceding sentence and would be paid from the proceeds set forth in paragraphs a., c. and j. above, regardless of any order to the contrary.
>
> m. Any attorney's fees awarded to United of Omaha and/or Saul Trevino by Court order in the above cause and applicable to the proceeds from said policies after February 11, 2020 (the date of the last signature to the Parties' Rule 11 Agreement) incurred due to the prosecution or defense of claims by or against James G. Murry, Jr. shall be the sole responsibility of James G. Murry. Jr.

*See ECF No. 78-1 (Ex. A).*

The Counter-Defendants contend that disbursement is premature given that the issue of attorney fees remain. Their stated goal is to resolve the fee issue along with all other remaining disputes. To facilitate that goal, they move for a sixty-day abatement of this litigation and an order

to mediate the remaining issues of this case. Murry opposes delaying disbursement for mediation but does not oppose mediation of his counterclaims.

One thing stands out from the briefing – neither side provides any legal authority for their positions. But, to some extent, each side relies upon this Court's prior ruling in this case. As this Court previously recognized, courts have "broad powers in an interpleader action." *United of Omaha Life Ins. Co. v. Womack-Rodriguez*, 461 F. Supp. 3d 455, 469 (W.D. Tex. 2020) (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). Both sides reasonably proceed as though the Court's decision on the two motions now before it depends on the exercise of its discretion, fairness, and equitable considerations.

Fairness, or perceived fairness, indeed factors into the resolution of the pending motions. Resolving the counterclaims is clearly the primary issue remaining in this case. But the attorney-fee issue of the interpleader action continues to hover over the other issues. And, other than the funeral parlor, each claimant has a stake in the attorney fee issue. It appears clear that United and Trevino wish to mediate this action in its entirety and that Murry has no objection to mediating his counterclaims. It is also clear that all Claimants want funds disbursed from the interpleader fund. But, as stated in in the motion for disbursement, Claimants "are flexible to any suggestion of the Court to distribute the proceeds differently pending final resolution of the remaining claims before the Court." *ECF No. 78 at 3*.

At this point, it appears inequitable to withhold disbursement to the funeral parlor. It has no stake in any issue remaining. And a disbursement to that entity would require but one transaction from the court registry. Equities also favor a disbursement to Womack and Rodriguez to some extent. But not only do they still retain a stake in the fee issue, any disbursement to them would also affect future interest and would require multiple disbursements to them. Logistically, the equities simply do not warrant adding such complexities to the disbursement calculations. And

viewing the circumstances, in their entirety, the Court sees no significant equities that favor any disbursement to Murry at this juncture.

After giving due consideration to all relevant matters, the Court **GRANTS IN PART AND DENIES IN PART** the *Opposed Motion for Partial Disbursement of Interpled Funds* (ECF No. 78) and **GRANTS IN PART AND DENIES IN PART** the *Partially Opposed Joint Motion for Abatement and Mediation* (ECF No. 79). The Court grants the motion for disbursement only to the extent Claimants seek disbursement to American Funeral Financial, LLC. **On or before April 1, 2021**, Claimants shall file an advisory that specifies the exact amount to disburse to that entity, each other claimant's portion of that amount, and how to facilitate the disbursement. The Court grants the second motion only to compel mediation of the counterclaims. While it may be prudent for all the remaining parties to participate and to consider the issue of attorneys' fees at mediation, the Court leaves that decision to the parties. But for the three parties involved with the remaining counterclaims, the Court orders them to engage in mediation in good faith within the next ninety days and to report the results to the Court within fourteen days of the completion of mediation.

**IT IS SO ORDERED this 4th day of March 2021.**

*Jason Pulliam*
_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**

4